UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

YURII PEDURIANU,

Petitioner,

v.

Case No. 26-cv-1386-pp

SHERIFF DALE J. SCHMIDT,
ACTING DIRECTOR RAYMOND HERNANDEZ,
MARKWAYNE MULLIN, TODD BLANCHE
and DAVID VENTURELLA,

Respondents.

---

**ORDER SCREENING PETITION (DKT. NO. 1) AND REQUIRING RESPONDENTS TO SHOW CAUSE**

---

On April 22, 2023, petitioner Yurii Pedurianu, a citizen of Ukraine, entered the United States through the Department of Homeland Security's United for Ukraine program. The petitioner has been living and working in United States since his entry. On July 10, 2026, ICE detained the petitioner and he currently is in custody at the Dodge County Jail in Juneau, Wisconsin. The petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, arguing that his continued detention without a hearing violates the Immigration and Nationality Act (INA), 8 U.S.C. §1226(a), and his Fifth Amendment due process rights. Because the petitioner has paid the $5 filing fee, the court will screen the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondents to show cause why the court should not grant the petition.

## I. Legal Standard

Section 2241 of Title 28 allows the court to review the legality of the petitioner's detention. Zadvydas v. Davis, 533 U.S. 678, 688 (2001). A court reviewing a petition under §2241 applies the Rules Governing Section 2254 Cases. Chagala v. Beth, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, a court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

## II. *Habeas* Petition

The petitioner, a fifty-one-year-old citizen of Ukraine, lawfully entered the United States through Seattle, Washington on April 22, 2023. Dkt. No. 1 at ¶31. The petitioner was paroled through the Uniting for Ukraine (U4U) program, which is designed to provide a "safe, legal, and orderly pathway to support vulnerable Ukrainian citizens and their immediate family members" displaced by Russia's invasion of Ukraine. Id. at ¶¶1, 7. Upon entering the United States, the petitioner was authorized for admission until April 20, 2025 under the U4U program. Before his admission authorization period expired, the petitioner applied for re-parole by filing Form I-131 with the United States Citizenship and Immigration Services (USCIS) agency. He also applied for

Temporary Protected Status by filing Form I-821 with the USCIS. The petitioner's applications remain pending. Id. ¶¶3-5, 7. The petitioner also was issued an employment authorization valid from July 14, 2023 through April 20, 2025. Id. at ¶36.

On July 7 or 8, 2026, the petitioner was arrested for alleged shoplifting at a Walmart in Rib Mountain, Wisconsin, but the petitioner was not given a Miranda warning and did not receive "meaningful local court process before ICE took" him into custody on July 10, 2026. Id. at ¶¶48, 50, 52. The petitioner's family members were told "local authorities might not pursue the case but would contact ICE because they believed Petitioner lacked status." Id. at ¶51. The petitioner's counsel contacted DHS to request information about what statutory authority the petitioner was being detained under, but DHS has not provided that information to counsel. See id. at ¶¶64-65.

The petitioner argues that §1226(a) governs his detention because ICE took custody of him after DHS had paroled him into the United States under the U4U program and permitted him to live and work in the United States for more than three years. Id. at ¶67. The petitioner alleges that he is entitled to receive a bond hearing with an individualized custody determination based on his risk of flight or dangerousness. See id. at ¶¶93-94. The petitioner argues that §1226(c)(1)(E) does not apply to him because he has not been charged with or convicted of shoplifting and Wisconsin authorities have "affirmatively declined to institute a criminal case." Id. at ¶69. He further argues that §1226(c) does not apply to him because he is not under a present state of

arrest now that State authorities have confirmed they will not charge him with a crime of shoplifting. See id. at ¶¶70, 137-51. The petitioner also alleges that his continued detention violates his Fifth Amendment due process rights. Id. at ¶¶105-10. And the petitioner alleges that his detention violates 5 U.S.C. §706(2)(A) of the Administrative Procedure Act. Id. at ¶¶113-16.

## III. Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). The Seventh Circuit recently joined the majority of circuits that have addressed this issue in rejecting the government's argument that individuals such as the petitioner—who entered the country years earlier and were arrested far from any border or port of entry—are subject to a statutory requirement of mandatory detention. Cirrus Rojas v. Olson, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026). Section 1226(c) may ultimately apply to the petitioner due to his arrest for alleged shoplifting, mandating his continued detention by ICE, but the court cannot conclude based on the allegations in the petition that it plainly appears that the petitioner is not entitled to relief.

The court will order the clerk's office to serve Sheriff Dale J. Schmidt, who has physical custody of the petitioner. The federal respondents, who are responsible for the petitioner's arrest and current detention, have appeared through Assistant United States Attorney Stuart Gillgannon under a Memorandum of Understanding Regarding *Habeas Corpus* Petitions filed under

28 U.S.C. §2241-Federal Detainees. Under paragraph 2(b) of the Memorandum, the United States Attorney's Office has agreed to respond to the substance of the petition on behalf of the federal detainee's custodian and any federal respondents named in the petition. The court will order the United States Attorney's Office to respond to this show-cause order within seven days of the date of the order (rather than waiting for service on Schmidt).

## IV. Conclusion

The court **ORDERS** the clerk's office to promptly serve respondent Dale Schmidt.

The court **ORDERS** that the respondents must show cause within seven days why the court should not grant the petition.

Dated in Milwaukee, Wisconsin this 17th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**